UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAVIER ENRIQUEZ,

    Petitioner,

v.                                              CASE NO. 6:14-cv-470-Orl-31GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions (Doc. 7). Petitioner filed a reply to the response (Doc. 16).

Petitioner asserts five grounds for relief. For the following reasons, the petition is denied.

### I.    PROCEDURAL BACKGROUND

Petitioner was charged with burglary of a dwelling (Count One) and grand theft (Count Two). (Doc. 8-1 at 21-22). Petitioner proceeded to trial. At the close of the State's case, the trial court granted Petitioner's motion for judgment of acquittal as to grand theft and reduced the charge to petit theft. (Doc. 8-3 at 24). The jury found Petitioner guilty of Count One and petit theft as to Count Two. (Doc. 8-1 at 80-81).

The trial court sentenced Petitioner as a prison release reoffender to a fifteen-year term of imprisonment for Count One and to sixty days in jail for petit theft. (*Id.* at 82-87). Petitioner appealed. The Fifth District Court of Appeal of Florida ("Fifth DCA") affirmed *per curiam*. (Doc. 8-6 at 25).

Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which he amended. (Doc. 8-4 at 16-47). The state court denied the motion. (Doc. 8-5 at 23-28). Petitioner appealed, and the Fifth DCA affirmed *per curiam*. (Doc. 8-6 at 25).

Petitioner filed a state habeas petition alleging ineffective assistance of appellate counsel. (*Id.* at 29-70; Doc. 8-7 at 1-11). The Fifth DCA summarily denied the petiion. (Doc. 8-8 at 8).

## II.   LEGAL STANDARDS

### A.   *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the

2

holdings of the Supreme Court of the United States "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y, Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

3

### B. *Standard for Ineffective Assistance of Counsel*

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1]  *Id*. at 687-88.  A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.  *Id*. at 689-90.  "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."   *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight.   *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are

---

[1]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

> not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. ANALYSIS

#### A. Ground One

Petitioner asserts counsel rendered ineffective assistance by failing to adequately object to the amendment of the information and argue for a judgment of acquittal on the basis of an uncharged offense. (Doc. 1 at 6). In support of this ground, Petitioner complains that the information charged him with burglary of a dwelling and grand theft as to the victim Melinda Fay Webb ("Webb"), but the State was permitted to amend the information during the trial to add George Morales ("Morales") as a victim. (*Id.* at 6-7).

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief. (Doc. 8-5 at 24). The state court noted that counsel did move for a judgment of acquittal on the basis that Petitioner was not charged with burglary of a dwelling or grand theft of Morales and counsel did object to the amendment of the information. (*Id.*).

Petitioner has not established that the state court's denial of this ground is contrary to, or an unreasonable application of, *Strickland*. Pursuant to Florida law, "the state may amend its information pre-trial or even during trial, either as to substantive or

5

non-substantive matters, unless the defendant is prejudiced thereby." *State v. Clifton*, 905 So. 2d 172, 178-79 (Fla. 5th DCA 2005) (citing *Lackos v. State*, 339 So. 2d 217 (Fla. 1976); *State v. Anderson*, 537 So. 2d 1373, 1375 (Fla. 1989); *Rivera v. State*, 745 So. 2d 343 (Fla. 4th DCA 1999); *State v. Garcia*, 692 So. 2d 984 (Fla. 3d DCA 1997); *Sanders v. State*, 669 So. 2d 356 (Fla. 5th DCA 1996)). "Therefore, the central inquiry is whether the defendant was prejudiced by the amended information." *Id.*

The information charged Petitioner with the burglary of Webb's home and grand theft of Webb's property. (Doc. 8-1 at 21-22). Webb did not testify at trial. However, Webb's fiancé, Morales, testified that someone broke into the residence in which he and Webb lived. (Doc. 8-2 at 109-15). Morales further testified that items were taken from their home, including his ring and bracelet, a money jar from his daughter's room, and a DVD player. (*Id.* at 115). Thus, as noted by the State at trial, evidence was presented from which the trier of fact could have determined that Webb was in fact a victim as charged in the information. (Doc. 8-3 at 34-35). In an abundance of caution, however, the State alternatively moved to amend the information to add Morales as a victim. (*Id.* at 35, 37). Counsel objected to the amendment of the information and renewed the motion for judgment of acquittal on this basis. (*Id.* at 35-37). Consequently, counsel was not deficient for failing to raise this argument.

Furthermore, Petitioner has not demonstrated that prejudice resulted from the amendment of the information. As noted *supra*, Morales testified that Webb lived in the

home at the time of the burglary, and there was no testimony definitively establishing to whom the DVD player or money jar belonged. Moreover, Morales was listed as a witness, and counsel knew the nature of his testimony prior to trial. *See* Doc. 8-3 at 35. Therefore, even assuming counsel had made further objections or arguments concerning the amendment of the information, a reasonable probability does not exist that the trial court would have sustained the objection or granted a judgment of acquittal on this basis. Accordingly, ground one is denied pursuant to Section 2254(d).

      **B.    Ground Two**

Petitioner maintains counsel rendered ineffective assistance by failing to investigate and prepare a meaningful defense. (Doc. 1 at 9). According to Petitioner, he told counsel prior to trial that he and Webb were having an affair, Webb was scared that law enforcement would suspect her of being involved in an unrelated offense for which Petitioner was charged, and Webb framed Petitioner of the instant offenses by luring him to her apartment where she tricked him into touching the cell phone box on which Petitioner's fingerprint was found. (*Id*).

Petitioner raised this ground in his Rule 3.850 motion. The state court determined it was without merit. (Doc. 8-5 at 25). The state court reasoned that Petitioner failed to establish that Webb was available to testify or that she would have testified as suggested by Petitioner. (*Id.*).

Petitioner has not established that the state court's denial of ground two is contrary

to, or an unreasonable application of, *Strickland*. Initially, the Court notes that Petitioner has not offered any evidence in either this Court or the state court to demonstrate that Webb would have testified she framed Petitioner of the offenses. "[E]vidence about the testimony of a putative witness must generally be presented in the form of actual testimony by the witness or on affidavit. A defendant cannot simply state that the testimony would have been favorable; self-serving speculation will not sustain an ineffective assistance claim." *United States v. Ashimi*, 932 F.2d 643, 650 (7th Cir. 1991) (footnotes omitted)). Thus, this claim is speculative.

Furthermore, Webb gave a sworn statement to police in which she denied knowing Petitioner and denied ever inviting him to her home. (Doc. 8-5 at 17). Consequently, Petitioner cannot establish either deficient performance or prejudice from counsel's failure to investigate or present the aforementioned defense. Accordingly, ground two is denied pursuant to Section 2254(d).

### C. Ground Three

Petitioner contends counsel rendered ineffective assistance by failing to file a motion to suppress the fingerprint evidence. (Doc. 1 at 11). In support of this ground, Petitioner argues that the fingerprint obtained from the cell phone box located in the victims' home should have been suppressed because the police failed to keep the box as evidence. (*Id.*).

Petitioner raised this claim in his Rule 3.850 motion. The state court denied relief.

(Doc. 8-5 at 25). The state court determined that Petitioner failed to show prejudice. (*Id.*).

Petitioner has not established that the state court's denial of this ground is contrary to, or an unreasonable application of, *Strickland*. A police officer testified that he dusted the entire cell phone box for prints and lifted a fingerprint from the box onto tape, which he then attached to a card and submitted for analysis. (Doc. 8-2 at 124-28, 133). The officer did not keep the box as evidence. (*Id.* at 133).

The Supreme Court of the United States has held "unless a criminal defendant can show bad faith on the part of the police, failure to preserve potentially useful evidence does not constitute a denial of due process of law." *Arizona v. Youngblood*, 488 U.S. 51, 58 (1988). Petitioner has not shown that the officer acted in bad faith in failing to place the box in evidence. Thus, no basis existed for counsel to move to suppress the fingerprint. Moreover, Petitioner has not demonstrated that a reasonable probability exists that the outcome of the trial would have been different had counsel moved to suppress the fingerprint. Accordingly, ground three is denied pursuant to Section 2254(d).

> D.     **Ground Four**

Petitioner asserts counsel rendered ineffective assistance by failing to object to statements made by the prosecutor in closing argument. (Doc. 1 at 13). Specifically, Petitioner maintains that the prosecutor improperly stated that the cell phone box

9

containing the fingerprint was located on top of a table before the burglary. (*Id.*). Petitioner notes that Morales testified that the cell phone box was stored on the bottom shelf of a desk before the burglary. (*Id.*)

Petitioner raised this ground in his Rule 3.850 motion. The state court denied relief. (Doc. 8-5 at 26). The state court reasoned that the location of the cell phone box was irrelevant and did not negate the fact that Petitioner's fingerprint was found on the box inside the victims' home. (*Id.*). The state court, therefore, determined a reasonable probability did not exist that the outcome of the trial would have been different absent the prosecutor's statements. (*Id.*).

"To warrant reversal of a verdict[,] prosecutorial misconduct must be so pronounced and persistent that it permeates the entire atmosphere of the trial." *United States v. Thomas*, 8 F.3d 1552, 1561 (11th Cir. 1993) (citing *United States v. McLain*, 823 F.2d 1457, 1462 (11th Cir. 1987)). "Specifically, a prosecutor's remark during closing argument must be both improper and prejudicial to a substantial right of the defendant." *Id.* (citing *United States v. Bascaro*, 742 F.2d 1335, 1353 (11th Cir. 1984)). In determining whether the prosecutor's remarks warrant habeas relief, the proper inquiry is "whether the improper remarks were of sufficient magnitude to undermine confidence in the jury's decision. If a reviewing court is confident that, absent the improper remarks, the jury's decision would have been no different, the proceeding cannot be said to have been fundamentally unfair." *Tucker v. Kemp,* 802 F.2d 1293, 1296 (11th Cir. 1986).

The state court's denial of this ground is not contrary to, or an unreasonable application of, *Strickland*. Regardless of whether prior to the burglary, the cell phone box was stored on a table or on the shelf of a desk in the victims' home, the fact remains that Petitioner's fingerprint was found on the box, which was lying on the bedroom floor with other items that had been thrown there during the burglary. In other words, the prosecutor's erroneous statements neither strengthened nor negated the fingerprint evidence. Furthermore, the trial court instructed the jury that the case had to "be decided only upon the evidence that you have heard from the testimony of the witnesses and have seen in the form of exhibits in evidence. . . ." (Doc. 8-3 at 75). Therefore, a reasonable probability does not exist that the outcome of the trial would have been different had counsel objected to the prosecutor's statements. Accordingly, ground four is denied pursuant to Section 2254(d).

### E.     Ground Five

Petitioner asserts counsel rendered ineffective assistance by failing to strike juror Gates ("Gates") for cause. (Doc. 1 at 15). In support of this claim, Petitioner notes that Gates indicated that she had been the victim of a crime about which she was bitter and had served on other juries. (*Id.* at 15-16).

Petitioner raised this claim in his Rule 3.850 motion. The state court denied relief. (Doc. 8-5 at 27). The state court reasoned that Gates said that she could remain impartial and believed in the presumption of innocence. (*Id.*).

The state court's denial of this ground is supported by the record. Gates indicated that she believed in the presumption of innocence and the State's burden to prove the defendant's guilt. (Doc. 8-2 at 55). She further said that she could be impartial despite being the victim of a crime years before the instant case. (*Id*. at 54-55, 70-71). Petitioner, therefore, has not demonstrated that counsel was deficient for failing to move to strike Gates for cause nor has he established that a reasonable probability exists that the outcome of the trial would have been different but for counsel's failure to do so. Accordingly, ground five is denied pursuant to Section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

### IV. CERTIFICATE OF APPEALABILITY

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial

of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. 1) filed by Javier Enriquez is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 25th day of May, 2016.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1
Counsel of Record
Javier Enriquez

13